# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 6, 2009

136535

KATIE M. KLIDA,
          Plaintiff-Appellee,

v

GREGORY S. BRAMAN, and
ANDREW S. BRAMAN,
          Defendants,

and

FARM BUREAU GENERAL
INSURANCE COMPANY OF
MICHIGAN, and FARM BUREAU
MUTUAL INSURANCE COMPANY
OF MICHIGAN,
          Defendants-Appellants.

Marilyn Kelly,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
*Justices*

SC: 136535
COA: 273334
Bay CC: 05-003187-NI

_____/

On order of the Court, the application for leave to appeal the February 19, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

Because I believe that the Court of Appeals reached the right result, I concur in this Court's order denying leave to appeal. I write separately only to point out that the Court of Appeals, in my judgment, erroneously held that § 5851(1) of the Revised Judicature Act (RJA), MCL 600.5851(1), is "ambiguous." To the contrary, the RJA clearly states that a minor shall have one year after the disability is removed to "bring an action under this act," and a breach of contract action is clearly an action brought under the RJA. A statute is not "ambiguous" merely because a term or phrase therein is subject to multiple definitions or understandings. See *Lansing Mayor v Public Service Comm*, 470 Mich 154, 164-166 (2004). A clear understanding of what is and what is not

"ambiguous" is an element in minimizing the exercise of discretionary and standardless judicial power.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 6, 2009

_____
Clerk